## BRAUN v. POCIEY.

*Cincinnati municipal court—Jurisdiction—Defendant cross-petitions for sum exceeding jurisdiction—Section 1558-10, General Code—Leases—Provision for renewal "if mutually agreeable" unenforcible, when—Judgment on statement of . claim erroneous, where answer general denial.*

1. Where an action is commenced in the municipal court of Cincinnati and the defendant files a general denial and cross-petition stating a claim against the plaintiff for a sum in excess of the jurisdiction of the court, defendant's motion to certify the case to the court of common pleas on the ground that the municipal court does not have jurisdiction of the amount is properly overruled, by virtue of Section 1558-10, General Code.

2. The terms of a contract to lease premises for one year, with a recital that it is renewable for one year "if mutually agreeable," are not binding upon the parties after the expiration of the original lease, where there has been no mutual agreement to renew.

3. It is error for the trial court, in an action for a money judgment, to render judgment on the plaintiff's statement of claim and the answer containing a general denial.

(Decided May 14, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Bert H. Long,* for plaintiff in error.
*Mr. Eugene C. Pociey,* for defendant in error.

CUSHING, J. This action was commenced in the Municipal Court of Cincinnati. Eugene C. Pociey, plaintiff below, filed a statement of claim for $75, for rent of certain premises on Myrtle avenue, with interest from February 15, 1922.

The defendant below, Adelia Braun, filed a gen-

eral denial, and by an amended cross-petition stated a claim against the plaintiff in the sum of $5,390.

Defendant moved that the case be certified to the Court of Common Pleas on the ground that the Municipal Court did not have jurisdiction of the amount. The plaintiff moved to strike this motion from the files. Both these motions were overruled by the Municipal Court.

The plaintiff below demurred to the cross-petition. The court sustained that demurrer, and entered judgment for the plaintiff in the amount claimed.

The Court of Common Pleas affirmed the judgment of the Municipal Court, and this proceeding is prosecuted to reverse that judgment.

One of the assignments of error is that the Municipal Court erred in overruling defendant's motion to certify the case to the Court of Common Pleas for want of jurisdiction.

Section 1558-10, General Code, provides that if the amount plaintiff claims exceeds the amount for which the Municipal Court may enter judgment, plaintiff may remit the amount in excess of the jurisdictional amount, and have judgment in its favor. If the defendant in such action in the Municipal Court asserts a claim against the plaintiff, he need not remit the excess and may withhold setting it out. In either case, failure to set it up or a recovery of an amount equal to or less than the amount for which the Municipal Court may enter judgment, would not be a bar to a subsequent action to recover the amount withheld. In view of this provision of the statute, the Municipal Court correctly overruled defendant's motion to certify.

On the question of plaintiff's motion to strike

defendant's motion from the files it is only necessary to say that such practice should not be encouraged, and we know no authority in law for such procedure.

The defendant's cross-petition undertakes to state a claim for damages for breach of the contract in litigation. The contract is made a part of the petition. It recites:

"And in that case, if mutually agreeable, tenant will be entitled to have this agreement extended for one year from March, 1922, until March 15, 1923, and the same as to the year beginning March 15, 1923, and ending March 15, 1924."

The contract for the premises was for one year. It expired March 15, 1922. The defendant gave plaintiff notice of her desire to renew the contract, which the plaintiff refused.

The contract recites that it could be renewed, "if mutually agreeable." In the case of *Domhoff & Joyce Co.* v. *Hamilton Furnace Co.*, decided by this court July 12, 1922, it was held that a contract containing a provision for the mutual agreement by the parties to extend or change that contract was binding, that only the original contract was in force until the parties mutually agreed on the part reserved for such purpose. In this case the parties did not reach an agreement.

In view of this provision of the contract, the demurrer to the cross-petition was properly sustained.

The municipal court was in error in rendering judgment on the statement of claim and the answer containing a general denial. The pleadings made an issue that should have been determined on a

trial. The Court of Common Pleas was in error in affirming that judgment.

For the errors stated the judgment will be reversed and the cause remanded to the Court of Common Pleas with instructions to remand it to the Municipal Court for a new trial.

*Judgment reversed and cause remanded.*

Buchwalter and Hamilton, JJ., concur.