OPINION
{¶ 1} Plaintiffs-appellants, Donald and Audrey Giles d/b/a Miami Valley Camp, appeal the January 23, 2002 judgment entry of the Bellefontaine Municipal Court, rendering judgment in favor of the defendant-appellee, Joyce Lawson, in their action for forcible entry and detainer.
{¶ 2} The relevant facts of this case are as follows. Since 1979, Lawson has rented Lot #6 in the Miami Valley Camp. Located on this lot is a cottage owned by Lawson. In addition to the cottage, Lawson made other improvements to the lot, such as adding a deck, a seawall, septic system, and a well. Although the Miami Valley Camp changed ownership at various times, Lawson continued to rent the lot and to improve upon it.
{¶ 3} In 1996, the appellants purchased the Miami Valley Camp and shortly thereafter entered into a written lease agreement with Lawson. This lease included the following provision, which is the subject of the present dispute between the parties: "TERM. The term of this lease will be five (5) years with the option to renew an additional five (5) years by written agreement of both parties." A few months before Lawson's lease was to expire, the appellants notified Lawson of the lot rent and cottage tax for the next term, which was promptly paid by Lawson. However, the appellants also requested that Lawson sign a new lease agreement, which contained some different provisions than the previous lease to which Lawson objected. When Lawson refused to sign the new lease, she was asked to vacate the premises. Upon the expiration of the old lease on August 2, 2001, Lawson did not vacate the premises.
{¶ 4} The appellants filed a complaint in the Bellefontaine Municipal Court on August 9, 2001, seeking to evict Lawson from Lot #6. A bench trial in this matter was held on September 20, 2001. However, the transcript of the trial was destroyed. On January 23, 2002, the trial court issued its decision in favor of Lawson. This appeal followed, and the appellants now assert one assignment of error.
 {¶ 5} "THE APPELLANTS, FOR THEIR ASSIGNMENT OF ERROR, STATES (sic) THAT THE COURT ERRED IN FINDING THAT THE OPTION TO RENEW GRANTED TO THE APPELLEE IN THE LEASE DID NOT REQUIRE THE WRITTEN AGREEMENT OF BOTH PARTIES AS LITERALLY STATED IN THE LEASE."
{¶ 6} Lawson contends that the portion of the lease pertaining to its renewal constitutes an agreement to agree and that the appellants unreasonably withheld their consent. In addition, Lawson maintains that this provision provides her with an option to renew the lease under the same terms and conditions as the previous lease. We disagree.
{¶ 7} The lease between the parties herein clearly states that there was an option to renew "by written agreement of both parties." Thus, by its own terms this provision provided nothing more than the possibility that Lawson could remain on Lot #6 if both parties entered into a written agreement with one another. The evidence before the trial court demonstrated that the parties did not reach such an agreement. Ohio law provides that when a contract states that it may be renewed if mutually agreeable to both parties and an agreement is not reached, the contract is not renewed until both parties agree to do so. See Braun v.Pociey (1923), 18 Ohio App. 370, 372. Because the parties in this case did not reach an agreement, the old lease, which expired in August 2001, is the only binding contract between the parties. Thus, Lawson was subject to eviction because that lease expired and she remained on the property without the consent of the appellants.
{¶ 8} Despite the unambiguous language of this lease provision, Lawson maintains that "[e]quity will compel a party to do that which in equity ought to have been done and which was in contemplation of the parties as expressed in their contract." Unfortunately, in attempting to ascertain the intent of the parties, we are not free to ignore the actual language of the provision. Although the parties do not dispute that Lawson made significant improvements on the property, we find that she did so at her own risk, considering the lease did not give her the sole discretion to extend the lease but rather provided both lessor and lessee with the opportunity to prevent the extension if they could not reach an agreement. The contract did not require either party to agree to a new lease or to renew the old lease. Thus, the appellants cannot now be forced to enter into a written lease agreement with Lawson or to permit her to remain on the campgrounds.
{¶ 9} For these reasons, the assignment of error is sustained and the judgment of the Bellefontaine Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and HADLEY, JJ., concur.